OPINION
{¶ 1} Plaintiff-appellant the State of Ohio ("the State") brings this appeal from the judgment of the Court of Common Pleas of Union County ordering the defendant-appellee Charles E. Bradley ("Bradley") to serve six months in prison.
 {¶ 2} On February 3, 2004, Bradley was indicted for 10 counts of unlawful use of a telecommunications device, three counts of unlawful possession of a dangerous ordnance, three counts of possessing criminal tools, and a count of engaging in a pattern of corrupt activity. The trial was set on April 29, 2004. The morning of trial, the State admitted that it had failed to disclose discovery material. A plea agreement was reached and Bradley entered guilty pleas to two counts of unlawful use of a telecommunications device, one count of possessing criminal tools and two counts of possession of a dangerous ordnance. All charges were felonies of the fifth degree. The remaining charges were dismissed.
 {¶ 3} After the criminal rule 11 dialogue, the trial court accepted the guilty plea. The State requested a sentence of 11 months for each count, to be served consecutively. Bradley's attorney requested community control. The trial court reviewed the record and found that Bradley had a criminal history of two misdemeanors, but no prior prison record. The trial court then found that a prison term was appropriate and ordered Bradley to serve six months in prison, the minimum sentence, on each of the five counts and ordered the prison terms to be served concurrently. Bradley was ordered to report to prison on May 6, 2004.[1] It is from this judgment that the State appeals and raises the following assignments of error.
The trial court erred in advising [Bradley] that the court wasrequired to impose the minimum sentence.
 The trial court erred in failing to give the State the opportunity toobject or call to the Court's attention the alleged error set forthabove.
 The trial court erred in sentencing [Bradley] to the minimum of sixmonths, concurrent, on all charges.
 {¶ 4} The right of the State to appeal a sentence is set forth in R.C. 2953.08(B), which states as follows.
(B) In addition to any other right to appeal * * * a prosecutingattorney * * * may appeal as a matter of right a sentence imposed upon adefendant who is convicted of or pleads guilty to a felony * * * asentence imposed upon such a defendant, on any of the following grounds:
 (1) The sentence did not include a prison term despite a presumptionfavoring a prison term for the offense for which it was imposed, as setforth in section 2929.13 or Chapter 2925. of the Revised Code
 (2) The sentence is contrary to law.
 (3) The sentence is a modification under section 2929.20 of the RevisedCode of a sentence that was imposed for a felony of the first or seconddegree. This court notes that the since the charges in this case are fifth degree felonies, no presumption arises that a prison sentence is appropriate. Thus, the first basis for a prosecutor's appeal does not apply. The original indictment was for fifth degree felonies, so the third basis does not apply. Thus the only basis remaining for appeal is that the sentence is contrary to law.
 {¶ 5} A trial court that elects to impose a prison term shall impose the shortest authorized prison term unless 1) the offender had previously served a prison term or 2) the court finds on the record that the shortest prison term will demean the seriousness of the offense or will not adequately protect the public. R.C. 2929.14(B). In this case, there is no evidence that Bradley has previously served a prison term. The trial court made no finding that the shortest prison term would demean the seriousness of the offense or would not adequately protect the public. The trial court was required by statute to impose the shortest authorized prison term. This is exactly what the trial court did. Thus, the trial court's sentence is not contrary to law. Therefore, the second basis for the appeal does not apply. Instead, in its brief the State seems to be relying on an argument that the trial court should have made a finding that the shortest prison term would demean the seriousness of the offense or would not adequately protect the public. Whether or not these findings are to be made is within the sound discretion of the trial court, however.
 {¶ 6} The State's first assignment of error is that the trial court erred in claiming that it had no choice but to impose the minimum sentence. This court notes and appellate counsel conceded at oral argument that the trial court considered all of the statutory requirements set forth in R.C. 2929.12. The trial court then held that the seriousness factors were such that community control sanctions would not be appropriate and that a prison term should be imposed. However without a prior prison term or a finding that the shortest prison term would demean the seriousness of the offense or would not adequately protect the public, the trial court was required by statute to impose the minimum sentence. The fact that the State does not agree with the trial court's decision does mean that the sentencing court has abused its discretion. The trial court imposed more than the minimum punishment, i.e. community control sanctions, but chose not to impose the sentence requested by the state. The trial court has every right to do so. The record indicates, and again appellate counsel conceded at argument, that the appropriate factors were considered. Thus, the trial court did not abuse its discretion and the first assignment of error is overruled.
 {¶ 7} Next, the State claims in its brief that the trial court failed to allow the State to object to statements the trial court made at the sentencing hearing. This is incorrect. The precise statements of the Judge cited by the State did occur, however when these statements are placed in context, it was clear that the trial court was merely admonishing the State not to interrupt the Criminal Rule 11 dialogue. Once the trial court had accepted the guilty plea, the State was permitted the opportunity to make any statements it so chose. The State entered its objections to the alleged errors at that time. Thus, the State was not denied any opportunity for comment or objection on the record to which it may have been entitled. The second assignment of error is overruled.
 {¶ 8} The third assignment of error is that the trial court erred in imposing the minimum sentence and ordering it to be served concurrently. As discussed above, the trial court has every right to order minimum sentences and to order that they be served concurrently rather than consecutively. The fact that the State does not approve of the sentence does not mean the sentence is contrary to law. The third assignment of error is overruled.
 {¶ 9} The judgment of the Court of Common Pleas of Union County is affirmed.
Judgment affirmed.
 Cupp, P.J., and Rogers, J., concur.
[1] This court notes that Bradley's prison term was concluded on December 4, 2004.